1  ERIC DONEY, #76260
   edoney@donahue.com
2  JULIE E. HOFER, #152185
   jhofer@donahue.com
3  ANDREW S. MACKAY, #197074
   amackay@donahue.com
4  DONAHUE FITZGERALD LLP
   1999 Harrison Street, 25th Floor
5  Oakland, California  94612-3520
   Telephone:    (510) 451-3300
6  Facsimile:    (510) 451-1527

7  Attorneys for Plaintiff
   AUTODESK, INC.

8

9               UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11

12  AUTODESK, INC., a Delaware              CASE NO.
    corporation,
13                                          **COMPLAINT FOR DAMAGES AND
                    Plaintiff,              INJUNCTIVE RELIEF**
14
            v.                              **JURY TRIAL DEMANDED**
15
    KOBAYASHI + ZEDDA ARCHITECTS
16  LTD., dba KZA, a Canadian company,

17                  Defendant.

18

19

20

21

22

23

24

25

26

27

28

1   Plaintiff Autodesk, Inc. ("Autodesk") states and alleges as follows for its complaint

2   against defendant KOBAYASHI + ZEDDA ARCHITECTS LTD, dba KZA ("KZA" or

3   "Defendant").

4   **JURISDICTION AND VENUE**

5   **Parties**

6       1.      Autodesk is a Delaware corporation with its principal place of business in San

7   Rafael, California.

8       2.      Autodesk is informed and believes and thereon alleges that Defendant is a

9   Canadian company with its principal place of business in White Horse, Yukon.

10  **Jurisdiction**

11      3.      This case is a civil action arising under the copyright laws of the United States, 17

12  U.S.C. § 101, *et seq.* (the "Copyright Act"). This Court has subject matter jurisdiction over

13  Autodesk's claims pursuant to 17 U.S.C. § 501, *et seq.* (copyright), 28 U.S.C. § 1331 (federal

14  subject matter jurisdiction), and 28 U.S.C. § 1338(a) (copyright actions).

15      4.      Autodesk is informed and believes and thereon alleges that Defendant knew, or

16  reasonably should have known, that Autodesk: (a) is located in California, and that Defendant

17  directed and aimed its unauthorized activities at Autodesk, which is located in the Northern

18  District of California; and (b) would likely suffer the brunt of the harm caused by Defendant in

19  California at Autodesk's principal place of business. Defendant's activities complained of herein

20  caused Autodesk to bear the brunt of the harm in California at its principal place of business in

21  San Rafael, California within this District.

22  **Venue**

23      5.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) and

24  1400(a).

25  **Intradistrict Assignment**

26      6.      Because this matter is an Intellectual Property Action, there is no basis for

27  assignment to a particular location or division of the Court pursuant to Civil L.R. 3-2(c).

28

## GENERAL ALLEGATIONS

### Introduction

7.     Autodesk is in the business of, and has made and continues to make substantial investments of time, effort, and expense in, designing, developing, testing, manufacturing, publishing, marketing, distributing, and licensing a wide variety of software products recorded on various media, including, without limitation, optical disks for use on computers.

8.     In connection with Autodesk's software products, Autodesk owns copyrights that are the subject of registrations with the United States Copyright Office.

9.     Widespread use of illegal copies of Autodesk's software products (commonly known as software piracy) has caused, and continues to cause, significant harm to Autodesk and undermines Autodesk's investments in its products.

10.     Autodesk brings this action as a result of Defendant's unauthorized reproduction and use of certain of Autodesk's software products. Defendant's actions and omissions complained of herein were and continue to be undertaken willfully, intentionally, and maliciously and have caused and continue to cause substantial damage to Autodesk.

11.     Autodesk respectfully requests that the Court enter an injunction against Defendant and award Autodesk damages, costs, and attorney's fees as allowed by statute.

### Autodesk's Software Products and Copyrights

12.     Autodesk's software products include computer-aided design and other programs, such as AutoCAD® 2008 software, AutoCAD® 2009 software, AutoCAD® 2010 software, AutoCAD® 2011 software, AutoCAD® 2013 software,  Autodesk® Revit® Architecture 2012 software, Autodesk® Revit® Architecture 2013 software,  Autodesk® Revit ® Architecture 2014 software, and Autodesk® Revit® Architecture 2015 software. These products, along with their reference materials are hereinafter collectively referred to as the "Autodesk Products."

13.     The Autodesk Products contain a large amount of material that is wholly original with Autodesk and is copyrightable subject matter under the laws of the United States. At all relevant times, Autodesk complied in all respects with the Copyright Act and secured the exclusive rights and privileges in and to the copyrights in the Autodesk Products (collectively the

"Autodesk Copyrights").

14.     Each of the Autodesk Products is an original work, copyrightable under the Copyright Act, and has been timely registered in full compliance with the Copyright Act. Autodesk has received a Certificate of Registration from the Register of Copyrights for each of the Autodesk Products (see Exhibit A hereto, incorporated herein by reference).

15.     Since the registration of the Autodesk Copyrights, the Autodesk Products have been published and distributed by Autodesk or under its authority in compliance with the provisions of the Copyright Act. Autodesk has thus fully maintained the validity of the copyrights in the Autodesk Products.

16.     Autodesk has never authorized Defendant to copy or reproduce the Autodesk Products in violation of any of the Autodesk Copyrights.

**The Business and Infringing Activities of Defendant**

17.     Autodesk is informed and believes and thereon alleges that defendant KZA is an architecture and planning firm. Autodesk is informed and believes and thereon alleges that the officers of Defendant personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint and derived financial benefit from that conduct.

18.     Autodesk is informed and believes and thereon alleges that in conducting its business, Defendant has engaged in the unauthorized reproduction of certain of the Autodesk Products onto computers located at its premises and that Defendant uses copies of the Autodesk Products.

19.     Autodesk is informed and believes and thereon alleges that Defendant has not purchased sufficient licenses for the copies of the Autodesk Products installed upon its computers.

20.     Autodesk is informed and believes and thereon alleges that, without Autodesk's authorization, Defendant has:  (a) copied and reproduced certain of the Autodesk Products; and (b) circumvented technological measures that effectively control access to the Autodesk Products (collectively, the "Access Control Technology").

-3-

21.     Autodesk is informed and believes and thereon alleges that Defendant has willfully, intentionally, and maliciously engaged in the acts and omissions complained of herein without regard to Autodesk's proprietary rights.

**FIRST CLAIM FOR RELIEF**

**(Copyright Infringement)**

22.     Autodesk re-alleges and incorporates herein by this reference each of the allegations contained in Paragraphs 1 through 21 above as though fully set forth.

23.     Defendant's acts and omissions constitute willful, intentional, and malicious infringement of the Autodesk Copyrights in violation of the Copyright Act, 17 U.S.C. § 501.

24.     Defendant's willful, intentional, and malicious copyright infringement has caused and will continue to cause Autodesk to suffer substantial injuries, loss, and damage to its proprietary and exclusive rights to the Autodesk Products and the Autodesk Copyrights and has caused and will continue to cause Autodesk to lose profits in an amount not yet ascertained.

25.     Defendant's copyright infringement, and the threat of continuing infringement by Defendant, has caused and will continue to cause Autodesk to suffer repeated and irreparable injury. It would be difficult to ascertain the amount of money damages that would afford Autodesk adequate relief at law for Defendant's continuing acts and omissions complained of herein and a multiplicity of judicial proceedings would be required.  Autodesk's remedy at law is not adequate to compensate Autodesk for the injuries already inflicted and further threatened by Defendant.   Therefore, Autodesk respectfully requests as prayed for below that Defendant be restrained and enjoined as authorized by the Copyright Act.

**SECOND CLAIM FOR RELIEF**

**(Circumvention of Copyright Protection Measures)**

26.     Autodesk re-alleges and incorporates herein by this reference each of the allegations contained in Paragraphs 1 through 25 above as though fully set forth.

27.     The Autodesk Products contain Access Control Technology.

28.     Autodesk is informed and believes and thereon alleges that, without Autodesk's authorization, Defendant willfully, intentionally, and maliciously circumvented the Access

-4-

Control Technology in violation of 17 U.S.C. § 1201(a).

29.    Defendant's willful, intentional, and malicious circumvention of the Access Control Technology has caused and will continue to cause Autodesk to suffer substantial injuries, loss, and damage to its proprietary and exclusive rights to the Autodesk Products and the Autodesk Copyrights and has caused and will continue to cause Autodesk to lose profits in an amount not yet ascertained.

30.    Defendant's circumvention of the Access Control Technology, and the threat of continuing circumvention, has caused and will continue to cause Autodesk to suffer repeated and irreparable injury.  It would be difficult to ascertain the amount of money damages that would afford Autodesk adequate relief at law for Defendant's continuing acts and omissions complained of herein and a multiplicity of judicial proceedings would be required.  Autodesk's remedy at law is not adequate to compensate it for the injuries already inflicted and further threatened by Defendant. Therefore, Autodesk respectfully requests as prayed for below that Defendant be restrained and enjoined as authorized by the Copyright Act and any device or product in Defendant's possession, custody, or control that enabled or was involved in the circumvention should be impounded pursuant to 17 U.S.C. § 1203(b).

## PRAYER FOR RELIEF

WHEREFORE, Autodesk seeks relief as follows:

1.    That, upon motion, the Court issue a preliminary injunction enjoining and restraining Defendant and its agents, servants, employees, successors and assigns, and all other persons acting in concert or conspiracy with Defendant or affiliated with Defendant, from:

(a)    Copying, reproducing, distributing, or using any unauthorized copies of Autodesk's copyrighted software products;

(b)    Otherwise infringing any of Autodesk's copyrights;

(c)    Circumventing any technological measure that effectively controls access to any of Autodesk's software products;

(d)    Destroying, or otherwise disposing of, or altering any copies of software or other products, materials, technologies, services, devices, components, documents, or

electronically stored data or files that relate or pertain in any way to the:

(i)  Copying, reproduction, distribution or use of any of Autodesk's software products;

(ii)  Circumvention of any technological measure that effectively controls access to any of Autodesk's software products; or

(iii)  Infringement of any of Autodesk's copyrights.

2.  That the Court issue a permanent injunction making permanent the orders requested in paragraphs 1(a), (b), and (c) of this Prayer for Relief;

3.  That Autodesk be awarded for Defendant's willful, intentional, and malicious copyright infringement either:  (a) actual damages in an amount to be determined at trial, together with the profits derived from Defendant's infringement of Autodesk's copyrighted software products; or (b) statutory damages for each act of infringement in an amount provided by law, as set forth in 17 U.S.C. § 504, at Autodesk's election before the entry of a final judgment;

4.  That Autodesk be awarded for Defendant's willful, intentional, and malicious circumvention of technological copyright protection measures either:  (a) actual damages in an amount to be determined at trial, together with the profits derived from Defendant's circumvention; or (b) statutory damages for each violation in an amount provided by law, as set forth in 17 U.S.C. § 1203(c), at Autodesk's election before the entry of a final judgment;

5.  That the Court issue an order upon entry of judgment in this action requiring Defendant to destroy any and all infringing copies in Defendant's possession, custody, or control of Autodesk's software products, as set forth by the Copyright Act, 17 U.S.C. § 503(b);

6.  That the Court issue an order requiring Defendant to serve on Autodesk within thirty (30) days after service of an injunction a report, in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

7.  That the Court award Autodesk its reasonable attorney's fees pursuant to 17 U.S.C. §§ 505 and 1203(b);

8.    That the Court award Autodesk its costs of suit incurred herein; and

9.    That the Court grants such other and further relief as it deems just and proper.

Dated: August 20th, 2015                    DONAHUE FITZGERALD LLP

By: _____
    Julie E. Hofer
    Attorneys for Plaintiff
    AUTODESK, INC.

-7-

1

2

### **DEMAND FOR JURY TRIAL**

3            Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Autodesk demands a trial by

4     jury of this action.

5                                                        Respectfully submitted,

6     Dated: August 20th, 2015                          DONAHUE FITZGERALD LLP

7

8                                                        By: _____

9                                                            Julie E. Hofer
                                                            Attorneys for Plaintiff
10                                                           AUTODESK, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28