UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUTODESK, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KOBAYASHI + ZEDDA ARCHITECTS LTD.,<br><br>　　　　Defendant. | Case No.　15-cv-03822-MEJ<br><br>**ORDER RE: MOTION TO DISMISS**<br><br>Re: Dkt. No. 21 |

## INTRODUCTION

Defendant Kobayashi + Zedda Architects Ltd., dba KZA ("Defendant") moves to dismiss Plaintiff Autodesk, Inc.'s ("Plaintiff") copyright infringement action for lack of personal jurisdiction under Federal Rule of Civil Procedure ("Rule") 12(b)(2), improper venue under Rule 12(b)(3), and failure to state a claim upon which relief can be granted under Rule 12(b)(6). Dkt. No. 21. Plaintiff filed an Opposition (Dkt. No. 26), and Defendant filed a Reply (Dkt. No. 33). The Court finds this matter suitable for disposition without oral argument and **VACATES** the May 5, 2016 hearing. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **DENIES** Defendant's Motion for the following reasons.

## BACKGROUND

Plaintiff brings this action for copyright infringement pursuant to the Copyright Act, 17 U.S.C. § 501, et seq. Compl. ¶ 3, Dkt. No. 1. Plaintiff is a Delaware corporation with its principal place of business in San Rafael, California. *Id.* ¶ 1. It develops, publishes, and markets computer software programs, including computer-aided design ("CAD") software products. *Id.* ¶¶ 7, 12; Alioto Decl. ¶ 4, Dkt. No. 30. In connection with its software products, Plaintiff owns copyrights that are the subject of registrations with the United States Copyright Office. Compl. ¶ 8.

Defendant is an architectural design firm that uses CAD software to render architectural designs for its clients. *Id.* ¶ 17; Bergeron Decl. ¶ 2, Dkt. No. 28. It began doing business with

United States District Court
Northern District of California

1    Plaintiff over a decade ago when, in June of 2002, Defendant purchased a license for Autodesk®

2    AutoCAD LT® 2002 software and registered that license with Plaintiff.  Alioto Decl. ¶ 11.

3    Plaintiff's written license agreement for the product states that it "shall be governed by the laws of

4    the State of California."  Baker Decl. ¶ 5, Ex. A (AutoCAD LT® 2002 Software License

5    Agreement) § 9(B)), Dkt. No. 29.  The agreement also provides that Plaintiff is located at 111

6    McInnis Parkway, San Rafael, California 94903.  *Id.* § 7.

7         Over the next thirteen years, Defendant purchased licenses for: (1) Autodesk® AutoCAD

8    LT® 2004 software, which Defendant registered with Plaintiff on December 12, 2003; (2)

9    Autodesk® AutoCAD® 2011 software, which Defendant registered with Plaintiff on September 21,

10   2010 (and which Defendant subsequently upgraded into a more current version); (3) Autodesk®

11   AutoCAD LT® 2012 software, which Defendant registered with Plaintiff on September 21, 2011

12   (and which Defendant subsequently upgraded into a more current version); (4) Autodesk®

13   AutoCAD LT® 2013 software, which Defendant registered with Plaintiff on May 10, 2012; (5)

14   Autodesk® AutoCAD® 2015 software, which Defendant registered with Plaintiff on November 19,

15   2014; (6) Autodesk® Building Design Suite Premium 2015 software, a bundle of various software

16   products which Defendant registered with Plaintiff on February 4, 2015 (and which Defendant

17   subsequently upgraded into a more current version); and (7) Autodesk® Building Design Suite

18   Premium 2016 software, also a bundle of various software products, which Defendant has not yet

19   activated.  Alioto Decl. ¶ 11.

20        As part of each of these licensure purchases, Plaintiff contends Defendant entered into and

21   expressly agreed to the terms of its applicable written license service agreements ("LSAs").  Baker

22   Decl. ¶ 5.  Plaintiff contends Defendant affirmatively consented to the terms of the applicable

23   LSAs when it initially accessed the copies of the Autodesk software products for which it had

24   purchased licenses, a process that in each instance required Defendant to click through a

25   confirmation screen on its computers to accept and agree to the LSAs in order to access the

26   associated software.  *Id.* ¶ 6.

27        Plaintiff filed its Complaint on August 20, 2015, alleging Defendant copied and

28   reproduced certain Autodesk products without Plaintiff's authorization and circumvented

technological measures that control access to the products.  Compl. ¶ 20.  Plaintiff alleges

Defendant's acts constitute willful, intentional, and malicious infringement of Plaintiff's

copyrights under the Copyright Act.  *Id.*

Defendant moves to dismiss on three grounds: (1) it lacks the requisite "minimum

contacts" with California to establish personal jurisdiction here; (2) venue is improper because a

substantial part of the alleged events did not occur in California; and (3) Plaintiff fails to state a

cause of action for copyright infringement.  Mot. at 3.

## PERSONAL JURISDICTION

Defendant first argues personal jurisdiction is lacking because "[t]here is no circumstance

where [it] would have had any reason to believe that Autodesk, Inc., a DELAWARE corporation

would 'bear the brunt' in California or sue them in Federal Court in San Francisco for alleged

copyright infringement of their 'certain'(but not specified) software products."  *Id.* at 5-6.

Defendant notes it is a Canadian company, nearly two thousand miles away, and contends the

burden of litigating in a foreign forum is fundamentally unfair.  *Id.* at 7.  It argues that "if Plaintiff

truly believes there is copyright infringement going on they should file suit where Defendant is

located."  *Id.*

In response, Plaintiff argues Defendant's alleged acts of deliberate and willful infringement

caused irreparable and substantial harm in this District, where Plaintiff is headquartered and has its

principal place of business.  Opp'n at 6.  Plaintiff further argues Defendant, at a minimum, should

have known Plaintiff's principal place of business is in this District.  *Id.*

**A.**     **Legal Standard**

Rule 12(b)(2) governs motions to dismiss for lack of personal jurisdiction.  The plaintiff

bears the burden of establishing that the court has jurisdiction over the defendant.  *Pebble Beach*

*Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006).  However, this demonstration requires that the

plaintiff "make only a prima facie showing of jurisdictional facts to withstand the motion to

dismiss."  *Love v. Assoc'd. Newspapers, Ltd.*, 611 F.3d 601, 608 (9th Cir. 2010).  To make this

showing, "the plaintiff need only demonstrate facts that if true would support jurisdiction over the

defendant."  *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995).  "Uncontroverted allegations

United States District Court
Northern District of California

3

1   in the complaint must be taken as true, and conflicts over statements contained in affidavits must

2   be resolved in [plaintiff's] favor." *Love*, 611 F.3d at 608.  Otherwise, a defendant could prevent a

3   plaintiff from meeting his burden simply by contradicting the plaintiff's affidavits.  *Farmers Ins.*

4   *Exch. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990).

5        Courts properly exercise personal jurisdiction over a defendant "if it is permitted by a

6   long-arm statute and if the exercise of jurisdiction does not violate federal due process."  *Pebble*

7   *Beach Co.*, 453 F.3d at 1154.  "Federal courts ordinarily follow state law in determining the

8   bounds of their jurisdiction over persons."  *Daimler AG v. Bauman*, __ U.S. __, 134 S. Ct. 746,

9   753 (2014).  Because "California's long-arm statute allows the exercise of personal jurisdiction to

10  the full extent permissible under the U.S. Constitution," a court's inquiry centers on whether

11  exercising jurisdiction comports with due process.  *Id.*; *see* Cal. Civ. Proc. Code § 410.10 ("A

12  court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of

13  this state or of the United States.").  Due process requires that nonresident defendants have

14  "minimum contact" with the forum state such that the exercise of personal jurisdiction "does not

15  offend traditional notions of fair play and substantial justice."  *Int'l Shoe Co. v. Washington*, 326

16  U.S. 310, 316 (1945) (internal quotations omitted).

17       A court may exercise either general or specific jurisdiction over a nonresident defendant.

18  *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984).  General

19  jurisdiction exists where a defendant has "substantial" or "continuous and systematic" contacts

20  with the forum.  *Id.* at 415.  If general jurisdiction exists, the forum has jurisdiction over the

21  defendant regardless of where the events giving rise to the litigation occurred.  *Id.*

22       If a defendant's contacts with the forum are not sufficient to establish general jurisdiction,

23  specific jurisdiction may still be shown.  The Court may assert specific jurisdiction over a

24  nonresident defendant if three requirements are met:

25       (1)  The non-resident defendant must purposefully direct his
         activities or consummate some transaction with the forum or
26       resident thereof; or perform some act by which he purposefully
         avails himself of the privilege of conducting activities in the forum,
27       thereby invoking the benefits and protections of its laws;

28       (2)  the claim must be one which arises out of or relates to the

United States District Court
Northern District of California

4

defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (citation omitted). The plaintiff bears the burden of demonstrating the first two prongs. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1076 (9th Cir. 2011). If the plaintiff satisfies the first two parts of the test, the burden shifts to the defendant to "to set forth a 'compelling case' that the exercise of jurisdiction would not be reasonable." *Id.* (quoting *Burger King v. Rudzewicz*, 471 U.S. 462, 476-78 (1985)). While all three requirements must be met, in considering the first two prongs, "[a] strong showing on one axis will permit a lesser showing on the other." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1210 (9th Cir. 2006) (en banc).

**B.     Application to the Case at Bar**

"Given that the extent of [D]efendant's contacts with California appears to be its use and alleged copying of a California-based company's software, it is reasonable to assume that [D]efendant lacks the kind of substantial and continuous contacts necessary to sustain a finding of general jurisdiction." *Autodesk, Inc. v. RK Mace Eng'g, Inc.*, 2004 WL 603382, at *3 (N.D. Cal. Mar. 11, 2004) (citing *Gator.Com Corp. v. L.L. Bean, Inc.*, 341 F.3d 1072, 1076 (9th Cir. 2003), *on reh'g en banc*, 398 F.3d 1125 (9th Cir. 2005)). Thus, the Court's analysis focuses on the three-factor test in evaluating whether the Court may exercise specific jurisdiction over Defendant.

         1.     Purposeful Direction

Although the first requirement typically permits a showing of either purposeful availment or purposeful direction, for copyright infringement actions, the Ninth Circuit requires a showing of purposeful direction. *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010) (applying purposeful direction analysis to copyright infringement action). With respect to this requirement, the Court must engage in a "'qualitative evaluation of the defendant's conduct with the forum state.'" *Core-Vent Corp. v. Nobel Indus., AB*, 11 F.3d 1482, 1485 (9th Cir. 1993) (quoting *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)). This inquiry "ensures that a nonresident defendant will not be haled into court based upon 'random, fortuitous or attenuated' contacts with the forum state." *Panavision Int'l LP v. Toeppen* (*Panavision II*), 141 F.3d 1316,

United States District Court
Northern District of California

5

1320 (9th Cir. 1998) (quoting *Burger King*, 471 U.S. at 475).

To establish purposeful direction, a plaintiff must satisfy a three-part test drawn from the U.S. Supreme Court's opinion in *Calder v. Jones*, 465 U.S. 783 (1984): (1) the defendant must have committed an intentional act; (2) the defendant's act was expressly aimed at the forum state; and (3) the defendant knew the brunt of the harm was likely to be suffered in the forum state. *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002) (citing *Calder*, 465 U.S. at 788-89).

> a.   Intentional Act

In the context of the *Calder* test, an intentional act is "an external manifestation of the actor's intent to perform an actual, physical act in the real world." *Wash. Shoe Co. v. A-Z Sporting Goods, Inc.*, 704 F.3d 668, 674 (9th Cir. 2012); *Schwarzenegger*, 374 F.3d at 806 (an intentional act "refers to an intent to perform an actual, physical act in the real world."). In following *Calder*, the Ninth Circuit has been cautious in extending this doctrine and has rejected, for example, the notion that the effects doctrine applies in contract disputes. *Core-Vent*, 11 F.3d at 1486; *McGlincy v. Shell Chemical Co.*, 845 F.2d 802, 817 (9th Cir. 1988). However, the court has extended the effects doctrine to certain tort actions. *See Panavision II*, 141 F.3d at 1321; *Ziegler v. Indian River Cty.*, 64 F.3d 470, 473 (9th Cir. 1995). "Numerous cases both within and outside this circuit have applied the doctrine to actions for willful copyright infringement or other torts involving intellectual property." *Autodesk*, 2004 WL 603382, at *4 (finding the effects doctrine applicable for copyright infringement claim brought by Autodesk for software purchased by a Missouri architectural firm and collecting cases, including *Columbia Pictures Television v. Krypton Bd. of Birmingham, Inc.*, 106 F.3d 284, 289 (9th Cir. 1997) (holding that willful copyright infringement alone was enough to establish purposeful availment), *overruled on other grounds by Feltner v. Columbia Pictures Television*, 523 U.S. 340 (1998)); *Dakota Indus., Inc. v. Dakota Sportswear*, 946 F.2d 1384, 1390-91 (8th Cir. 1991) (utilizing effects test in context of trademark infringement); *MGM Studios, Inc. v. Grokster Ltd.*, 243 F. Supp. 2d 1073, 1089-90 (C.D. Cal. 2003) (applying effects test to intentional copyright infringement claim); *Real Good Toys, Inc. v. XL Machine Ltd.*, 163 F. Supp. 2d 421, 424-25 (D. Ver. 2001) (applying effects test to claims for intentional copyright and trade dress infringement)). Thus, taking Plaintiff's allegations as true

United States District Court
Northern District of California

1    and resolving any conflicts over statements contained in affidavits in its favor, the Court finds

2    Plaintiff has presented enough evidence to make a prima facie showing of an intentional act.

3                    *b.     Express Aiming*

4         The second prong of the purposeful direction inquiry is whether the defendant expressly

5    aimed its act at the forum state.  *Dole Food Co.*, 303 F.3d at 1111.  The "express aiming" analysis

6    "depends, to a significant degree, on the specific type of tort or other wrongful conduct at issue."

7    *Schwarzenegger*, 374 F.3d at 807.  To be satisfied, the "express aiming" inquiry requires

8    "something more" than "a foreign act with foreseeable effects in the forum state."  *Wash. Shoe*

9    *Co.*, 704 F.3d at 675 (citing *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1087

10   (9th Cir. 2000)).  Thus, "where a defendant *knows*—as opposed to being able to foresee—that an

11   intentional act will impact another state," then "the 'expressly aimed' requirement is satisfied."

12   *Id.* at 677 (emphasis in original).

13        "[T]he Ninth Circuit has held that specific jurisdiction exists where a plaintiff files suit in

14   its home state against an out-of-state defendant and alleges that defendant intentionally infringed

15   its intellectual property rights knowing [the plaintiff] was located in the forum state."  *Amini*

16   *Innovation Corp. v. JS Imps., Inc.*, 497 F. Supp. 2d 1093, 1105 (C.D. Cal. 2007) (citing and

17   collecting cases); *see also Wash. Shoe Co.*, 704 F.3d at 675-76 (plaintiff who alleged that

18   defendant "willfully infringed copyrights owned by [plaintiff], which, as [defendant] knew, had its

19   principal place of business in the Central District [of California]," established that defendant's

20   intentional act was "expressly aimed at the Central District of California because [defendant] *knew*

21   the impact of his willful violation would be felt there." (emphasis in original)); *Adobe Sys. Inc. v.*

22   *Childers*, 2011 WL 566812, at *3 (N.D. Cal. Feb. 14, 2011) ("In intellectual property cases, the

23   Ninth Circuit has found specific jurisdiction where a plaintiff bringing suit in its home forum

24   against an out-of-state defendant alleges that the defendant engaged in infringing activities

25   knowing that plaintiff was located in the forum." (citing *Amini Innovation*, 497 F. Supp. 2d at

26   1106 (collecting cases))).

27        Plaintiff presents evidence that the LSAs for its products state they "shall be governed by

28   the laws of the State of California."  Baker Decl. ¶ 5, Ex. A § 9(B).  The LSAs also provide that

United States District Court
Northern District of California

7

the manufacturer of the software product is "Autodesk, Inc., 111 McInnis Parkway, San Rafael, California 94903." *Id.* § 7. For purposes of the showing required to prove personal jurisdiction, courts may consider the content of licensing agreements, even if the defendant should have but did not read them. *Autodesk*, 2004 WL 603382, at *5 ("Although plaintiff bought its software in Missouri, the software was accompanied by several documents that show that plaintiff's primary place of business is located in San Rafael, California. Based on these notices, defendant should have known that plaintiff is headquartered in northern California."). Plaintiff also presents evidence that, through the LSAs, Defendant (1) consented to California law and/or the federal law of the United States governing the parties' relationship and (2) consented to submit to personal jurisdiction in this District in connection with Plaintiff's copyrights. Baker Decl. ¶¶ 5-6.

Defendant argues Plaintiff cannot meet its burden with this evidence because the LSAs are not actually signed. However, as noted above, any such conflicts must be resolved in Plaintiff's favor. *See Love*, 611 F.3d at 608 ("conflicts over statements contained in affidavits must be resolved in [plaintiff's] favor."). Furthermore, "a large portion of the software industry is centered in northern California," and this, taken together with the language in the LSAs, "demonstrate that defendant's allegedly infringing activities are directed at California in 'more than a random, fortuitous, or attenuated way.'" *Autodesk*, 2004 WL 603382, at *6 (quoting *ESAB Grp., Inc. v. Centricut, Inc.*, 126 F.3d 617, 625 (4th Cir. 1997)).

Defendant also argues "Plaintiff filed this suit identifying clearly in the caption of the complaint that they are a DELAWARE corporation," and the record does not show Defendant should have somehow been aware that the effects of the alleged infringement would be felt in this District. Reply at 2. However, as *Core-Vent* notes, there is a significant difference between the minimal harm felt at a corporation's place of incorporation and the more pronounced harm felt at a corporation's principal place of business. 11 F.3d at 1487. Although Defendant may dispute Plaintiff's statements, taking Plaintiff's allegations as true and resolving all conflicts in its favor, the Court finds Defendant's alleged acts would be felt in Plaintiff's principal place of business, not its state of incorporation. Therefore, accepting Plaintiff's allegations as true—as the Court must in ruling on a motion to dismiss for lack of personal jurisdiction, *see Brayton Purcell*, 606 F.3d at

1127—the Court finds that Plaintiff makes a prima facie showing that Defendant should have known it was located in the forum state, and more specifically that Plaintiff was located in this District.  *See Adobe Sys. Inc. v. Blue Source Grp., Inc.*, 125 F. Supp. 3d 945, 962 (N.D. Cal. 2015) (finding in action for copyright infringement that plaintiff made prima facie showing that defendant knew plaintiff was a resident of the forum state where plaintiff produced evidence by affidavit that its products display the address of its principal place of business in this District); *Warner Bros. Home Entm't Inc. v. Jimenez*, 2013 WL 3397672, at *2 (C.D. Cal. July 8, 2013) (finding plaintiff made prima facie showing that defendant knew plaintiff was a resident of the forum state where plaintiff filed supplemental papers "present[ing] evidence that the TV Programs' packaging—which defendant must copy in order to create and sell the infringing products—contains . . . plaintiff's address in Burbank, California.").  These facts are enough to conclude for jurisdictional purposes that Defendant expressly aimed its alleged activity toward California.¹

       c.    *Foreseeable Harm*

The third and final prong of the purposeful direction inquiry is whether the defendant knew the brunt of the harm is likely to be suffered in the forum.  *Dole Food Co.*, 303 F.3d at 1111. Where, as here, a party brings a claim for infringement of intellectual property, the Ninth Circuit has held that "[i]t is foreseeable that the loss will be inflicted both in the forum where the infringement took place . . . and where the copyright holder has its principal place of business." *Wash. Shoe Co.*, 704 F.3d at 679; *see also Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1231 (9th Cir. 2011) ("The economic loss caused by the intentional infringement of a

---

¹ The Court is mindful of the Supreme Court's recent decision in *Walden v. Fiore*, 134 S. Ct. 1115 (2014).  In that case, Drug Enforcement Administration agents searched two professional gamblers at an airport in San Juan, Puerto Rico, and the gamblers subsequently brought a Fourth Amendment suit in Nevada, where they resided.  *Id.* at 1119-20.  The Court held that specific personal jurisdiction did not exist in Nevada because the challenged conduct had nothing to do with Nevada itself, but instead was connected to Nevada only because the plaintiffs happened to reside there.  *Id.* at 1125-26.  Instead, specific jurisdiction requires that the relationship between the defendant, the forum, and the litigation "must arise out of contacts that the 'defendant *himself*' creates with the forum State."  *Id.* at 1122 (quoting *Burger King*, 471 U.S. at 475) (emphasis in original).  Here, Plaintiff has made the required showing through the parties' relationship as set forth in the LSAs, along with Plaintiff's evidence that Defendant consented to personal jurisdiction in this District.

United States District Court
Northern District of California

plaintiff's copyright is foreseeable.").

Plaintiff has presented adequate evidence that the brunt of the harm caused by Defendant's alleged infringement was suffered in California. "[C]ourts often presume irreparable injury upon a prima facie showing of copyright infringement." *Autodesk*, 2004 WL 603382, at *6 ("Because defendant should have known that plaintiff's business is located in California, defendant should have known that any harm caused by such copying would likely be felt in California." (citing *Country Kids 'n City Slicks, Inc. v. Sheen*, 77 F.3d 1280, 1288 (10th Cir. 1996); *Universal City Studios, Inc. v. Film Ventures Int'l, Inc.*, 543 F. Supp. 1134, 1139 (C.D. Cal. 1982)). As the Ninth Circuit has recognized, "[t]he economic loss caused by the intentional infringement of a plaintiff's copyright is foreseeable." *Wash. Shoe Co.*, 704 F.3d at 679 (citing *Mavrix Photo*, 647 F.3d at 1231). "[W]hen a corporation's copyright is infringed, the corporation suffers harm in its primary place of business." *Autodesk*, 2004 WL 603382, at *6 (citing *Panavision II*, 141 F.3d at 1321; *MGM Studios*, 243 F. Supp. 2d at 1089-90).

Accordingly, the Court concludes that Plaintiff has met its burden under the effects test and that the purposeful direction requirement has been met.

2.    Defendant's Forum Related Activities

After purposeful direction, the second requirement for specific jurisdiction is that the claim "arises out of or relates to the defendant's forum-related activities." *Schwarzenegger*, 374 F.3d at 802. This prong is satisfied if the plaintiff would not have been injured "but for" the defendant's conduct directed toward the forum. *See Panavision II*, 141 F.3d at 1322 (considering whether plaintiff would have been injured but for defendant's conduct directed toward plaintiff in California); *Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857, 864 (9th Cir. 2003) (asking but for defendant's contacts with California, would plaintiff's claims against defendant have arisen). Here, Defendant's alleged copying of Plaintiff's software purportedly caused Plaintiff injury in California, and this particular injury would not have occurred "but for" Defendant's alleged infringing conduct. As such, Plaintiff's claim arise out of Defendant's forum-related activities. *See Blue Source Grp.*, 125 F. Supp. 3d at 963 ("The Ninth Circuit has recognized that, in trademark or copyright infringement actions, if the defendant's infringing conduct harms the

plaintiff in the forum, this element is satisfied." (citing *Panavision II*, 141 F.3d at 1322));

*Autodesk*, 2004 WL 603382, at *7 (finding defendant's alleged unauthorized copying of plaintiff's

software satisfies "but for" requirement). The second element of the specific jurisdiction test is

met.

        3.    <u>Reasonableness</u>

      "Once it has been decided that a defendant purposefully established minimum contacts

with a forum, he must present a *compelling case* that the presence of some other considerations

would render jurisdiction unreasonable in order to defeat personal jurisdiction." *Dole Food Co.*,

303 F.3d at 1114 (emphasis added; internal quotation marks omitted) (citing *Burger King*, 471

U.S. at 477). Courts consider seven factors, none of which is dispositive:

> (1) the extent of a defendant's purposeful interjection; (2) the burden
> on the defendant in defending in the forum; (3) the extent of conflict
> with the sovereignty of the defendant's state; (4) the forum state's
> interest in adjudicating the dispute; (5) the most efficient judicial
> resolution of the controversy; (6) the importance of the forum to the
> plaintiff's interest in convenient and effective relief; and (7) the
> existence of an alternative forum.

*Id.*

      As discussed above, taking Plaintiff's allegations as true, Defendant has purposefully

directed its activities toward California, and this "is sufficient to resolve [the purposeful

interjection] factor in favor of jurisdiction." *Autodesk*, 2004 WL 603382, at *7.

      As to burden, Defendant argues it is a Canadian company, nearly two thousand miles

away. Mot. at 7. The Court is mindful of the Supreme Court's admonition that "[t]he unique

burdens placed upon one who must defend oneself in a foreign legal system should have

significant weight in assessing the reasonableness of stretching the long arm of personal

jurisdiction over national borders." *Asahi Metal Indus. Co. v. Superior Ct. of Cal., Solano Cty.*,

480 U.S. 102, 114 (1987). However, it does not appear Defendant would be unduly burdened by

defending this action in California. Defendant contends the Court "will undoubtedly require

*multiple personal appearances* which will provide Plaintiff with an unfair advantage in the

litigation anytime they want to file a motion and compel attendance at the motion." Reply at 6

(emphasis in original). However, although Defendant is no doubt burdened by having to defend

United States District Court
Northern District of California

1    this suit in a foreign country, advances in modern transportation and telecommunications have

2    significantly lessened the burden of litigation in distant forums.  *See CollegeSource, Inc.*, 653 F.3d

3    at 1079.  "Courts routinely reject claims by foreign defendants that it would be too burdensome for

4    them to defend themselves outside their home country, particularly when those companies 'use

5    technology and transportation to carry on the business relationship at issue.'"  *Artec Grp., Inc. v.*

6    *Klimov*, 2015 WL 9304063, at *6 (N.D. Cal. Dec. 22, 2015) (quoting *Pandigital, Inc. v.*

7    *DistriPartners B.V.*, 2012 WL 6553998, at *4 (N.D. Cal. Dec. 14, 2012)).  Further, Defendant has

8    secured competent counsel in this District to represent it; as such, if this factor weighs in favor of

9    Defendant, it does so only slightly, "as it probably does in every case."  *Montana Silversmiths,*

10   *Inc. v. Taylor Brands, LLC*, 850 F. Supp. 2d 1172, 1183 (D. Mont. 2012) (jurisdiction not

11   unreasonable where defendants had retained local counsel); *USHA Holdings, LLC v. Franchise*

12   *India Holdings Ltd.*, 11 F. Supp. 3d 244, 273 (E.D.N.Y. 2014) (finding it reasonable for

13   defendants domiciled in India to defendant against action in New York where they had retained

14   local counsel).

15          As to the third factor, "[l]itigation against an alien defendant creates a higher jurisdictional

16   barrier than litigation against a citizen from a sister state because important sovereignty concerns

17   exist."  *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1133 (9th Cir.

18   2003) (citation and internal quotations omitted).  However, "[a]lthough this factor is important, it

19   is not controlling."  *Id.* (citing *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1333 (9th Cir. 1984)

20   ("If [this factor were] given controlling weight, it would always prevent suit against a foreign

21   national in a United States court.")).  Defendant has presented no evidence of Canada's particular

22   interest in adjudicating Plaintiff's allegations, which weighs in favor of jurisdiction.  *Artec Grp.*,

23   2015 WL 9304063, at *6 ("Defendants have not identified a conflict with any other sovereignty,

24   which weighs in favor of jurisdiction.").  Further, under the fourth factor, "[b]ecause plaintiff's

25   primary place of business is in California, California has a strong interest in providing redress for

26   the injuries plaintiff has suffered as a result of defendant's alleged willful copyright infringement."

27   *Autodesk*, 2004 WL 603382, at *8.

28          The fifth factor, which is judicial efficiency, requires the Court to evaluate where the

12

United States District Court
Northern District of California

1   witnesses and evidence are likely to be located. *Core-Vent*, 11 F.3d at 1489. The Court may also

2   compare the relative efficiency of alternative forums. It is likely that witnesses and evidence will

3   be located both in California and Canada, given that witnesses and evidence regarding Plaintiff's

4   software and Defendant's alleged copying activities are likely relevant to resolving this case.

5   Regardless, even if Defendant demonstrated that most of the witnesses and evidence were located

6   elsewhere, this factor is no longer heavily weighted in light of modern technology. *Harris Rutsky*,

7   328 F.3d at 1133. This factor is therefore neutral and favors neither side.

8          As to the importance of this forum to Plaintiff's interest in convenient and effective relief,

9   California is a convenient forum for Plaintiff, since its principal place of business is located here.

10  "And given the frequency with which California courts are faced with intellectual property claims

11  involving software, California is certainly well-suited to providing plaintiff with appropriate relief

12  for its injuries, should such relief be warranted." *Autodesk*, 2004 WL 603382, at *8. Moreover,

13  "because [Plaintiff] is faced with widespread infringement of its software products, litigating

14  outside California and in all the states in which the alleged infringers live would be highly

15  inconvenient." *Id.* And, even if Defendant were to present evidence to the contrary, the Ninth

16  Circuit has held this factor is not of paramount importance. *See Dole Food Co.*, 303 F.3d at 1116.

17  This factor thus strongly favors jurisdiction.

18         Finally, the Court considers the existence of an alternative forum. Although Defendant

19  bears the overall burden to show that exercise of personal jurisdiction would be unreasonable,

20  Plaintiff "bears the burden of proving the unavailability of an alternative forum." *Harris Rutsky*,

21  328 F.3d at 1133-34 (citing *Core-Vent Corp.*, 11 F.3d at 490.). Plaintiff has not demonstrated that

22  Canada is unavailable as a forum for this action. However, Plaintiff's failure to meet this factor

23  "would be significant only if other factors weighed against jurisdiction." *Autodesk*, 2004 WL

24  603382, at *8 (citing *MGM Studios*, 243 F. Supp. 2d at 1094). "Given that none of the other

25  factors tilt significantly in defendant's favor, the [potential] availability of [Canada] is not of much

26  consequence in this case. *Id.*

27         In sum, the Court finds Defendant has failed to make a compelling showing that

28  jurisdiction would not be reasonable in this case. Accordingly, the Court concludes that personal

1  jurisdiction over Defendant is appropriate and reasonable, and thus DENIES Defendant's Motion

2  to Dismiss pursuant to Rule 12(b)(2).

3                                                    **VENUE**

4           Defendant also argues venue is improper in this District under 28 U.S.C. § 1391(b).  Mot.

5  at 9.  It argues "none of the alleged events or omissions giving rise to Autodesk's alleged (but not

6  specific) copyright infringement claim occurred in California and certainly there is no allegation

7  of such."  *Id.*  It further argues that if what Plaintiff alleges actually occurred, "it would not have

8  occurred in California logically."  *Id.*  In response, Plaintiff argues that a copyright infringement

9  action may be brought in any judicial district in which the defendant would be amendable to

10  personal jurisdiction.  Opp'n at 17.

11          Under Rule 12(b)(3), a defendant may move to dismiss a complaint for improper venue.

12  Once the defendant has challenged the propriety of venue in a given court, the plaintiff bears the

13  burden of showing that venue is proper.  *Piedmont Label Co. v. Sun Garden Packing Co.*, 598

14  F.2d 491, 496 (9th Cir. 1979).  When considering a motion to dismiss for improper venue, a court

15  may consider facts outside of the pleadings.  *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138

16  (9th Cir. 2004).  Pursuant to 28 U.S.C. § 1406(a), if the court determines that venue is improper,

17  the court must either dismiss the action or, if it is in the interests of justice, transfer the case to a

18  district or division in which it could have been brought.  Whether to dismiss for improper venue,

19  or alternatively to transfer venue to a proper court, is a matter within the sound discretion of the

20  district court.  *King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992).

21          With respect to venue, for claims of copyright infringement, venue is proper "in the district

22  in which the defendant or his agent resides or may be found."  28 U.S.C. § 1400(a).  "The Ninth

23  Circuit interprets this statutory provision to allow venue 'in any judicial district in which the

24  defendant would be amenable to personal jurisdiction if the district were a separate state.'"

25  *Brayton Purcell*, 606 F.3d at 1128 (quoting *Columbia Pictures*, 106 F.3d at 289).

26          Under §§ 1391(c) and 1400(a), the Court finds venue is proper in this District.  As

27  determined above, personal jurisdiction over Defendant is proper in California.  Further, the basis

28  for personal jurisdiction is the effects of Defendant's actions on Plaintiff in San Rafael,

United States District Court
Northern District of California

14

California—a city located within this District.  "The Court thus has determined that defendant's allegedly infringing actions were purposefully directed toward a resident of this District and that the effects of such actions were primarily felt in this District. Accordingly, venue in this district is proper." *Autodesk*, 2004 WL 603382, at *9.  Therefore, the Court must DENY Defendant's Rule 12(b)(3) Motion to Dismiss.

### FAILURE TO STATE A CLAIM

Defendant also argues Plaintiff fails to state a claim because "it is not clear what any of the wrongful activity alleged is, and what products they are claiming are being use[d] without authorization and what exactly they are claiming is causing them harm."  Mot. at 4.  Defendant maintains the complaint is conclusory and fails to provide valid notice as to what the alleged wrongful conduct is.  *Id.*  In response, Plaintiff argues it has "unequivocally demonstrated" its ability to prove that: it owns the copyrights in the Autodesk products, Defendant willfully infringed those copyrights by making unauthorized copies, and Defendant circumvented the anti-copying mechanisms in those Autodesk products.  Opp'n at 19.

**A.    Legal Standard**

Rule 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and citation omitted).

A court may dismiss a complaint under Rule 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face.  *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (quoting *Twombly*, 550 U.S. at 557).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

United States District Court
Northern District of California

1   cause of action will not do.  Factual allegations must be enough to raise a right to relief above the

2   speculative level."  *Twombly*, 550 U.S. at 555 (internal citations and parentheticals omitted).

3          In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as

4   true and construe them in the light most favorable to the plaintiff.  *Id.* at 550; *Erickson v. Pardus*,

5   551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007).  In

6   addition, courts may consider documents attached to the complaint.  *Parks Sch. of Bus., Inc. v.*

7   *Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted).

8          If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no

9   request to amend the pleading was made, unless it determines that the pleading could not possibly

10  be cured by the allegation of other facts."  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en

11  banc) (internal quotations and citations omitted).  However, the Court may deny leave to amend

12  for a number of reasons, including "undue delay, bad faith or dilatory motive on the part of the

13  movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice

14  to the opposing party by virtue of allowance of the amendment, [and] futility of amendment."

15  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v.*

16  *Davis*, 371 U.S. 178, 182 (1962)).

17  **B.      Application to the Case at Bar**

18         Having reviewed Plaintiff's allegations and construing them in the light most favorable to

19  it, the Court finds Plaintiff has stated a plausible claim.  "Copyright is a federal law protection

20  provided to the authors of 'original works of authorship,' including software programs."  *Vernor v.*

21  *Autodesk, Inc.*, 621 F.3d 1102, 1106 (9th Cir. 2010) (citing 17 U.S.C. §§ 101-03).  Copyright

22  infringement occurs whenever someone "violates any of the exclusive rights of the copyright

23  owner."  *Id.* at 1106.  As a copyright owner, Plaintiff possesses the exclusive right to reproduce its

24  work.  17 U.S.C. § 106(1).  Plaintiff alleges Defendant has copied and reproduced its products

25  without permission and circumvented technological measures designed to control access to them.

26  Compl. ¶ 20.  It provides a list of nine Autodesk copyright registrations.  *Id.*, Ex. A.  While

27  Plaintiff does not state whether Defendant has allegedly infringed upon all these products, the

28  Court finds Plaintiff's allegations provide fair notice to Defendant of the claims against it.

Further, given the parties' business relationship that spans a period of years, it is likely that discovery will crystallize the extent of Plaintiff's infringement allegations.  Accordingly, the Court DENIES Defendant's 12(b)(6) Motion to Dismiss.

### CONCLUSION

Based on the analysis above, the Court **DENIES** Defendant's Motion to Dismiss.

**IT IS SO ORDERED.**

Dated: April 22, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge

United States District Court
Northern District of California

17